FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 29 2007 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

JOHN E. McBRIDE,

             Plaintiff,

-against-

UNITED STATES POSTAL SERVICE,

             Defendant.
------------------------------------------------------X

07-CV-0446 (NG)

**MEMORANDUM AND ORDER**

**GERSHON, United States District Judge:**

By orders dated April 30, 2007 and March 5, 2007, the Court directed plaintiff, appearing *pro se*, to file an amended complaint in order to proceed on his claim that defendant the United States Postal Service ("USPS"), allegedly mishandled two packages intended for him. On May 9, 2007, plaintiff filed a "Response to Memorandum and Order." For the reasons set forth below, the action is dismissed.

## BACKGROUND

Plaintiff alleges that on December 16, 2005, a postal carrier attempted to deliver two packages to him, but, finding no one home, left a slip at plaintiff's residence which, plaintiff alleges, "failed to state the tracking numbers [o]f the packages." Compl. ¶ III.4. Plaintiff alleges that he made several attempts to claim the packages at the post office without success. Id. ¶ III.5. Plaintiff alleges that on January 12, 2006, he served a federal Form 95–Claim for Damage, Injury or Death–on the defendant, and that defendant failed to respond to his claim. Id. ¶¶ III.7-8. Plaintiff seeks $30 in damages, the value of the two missing packages. Id. ¶ IV. Furthermore, plaintiff attaches correspondence indicating that he has had problems with mail delivery to his residence over the past several years.

## DISCUSSION

A.  <u>Standard of Review</u>

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

In addition, as plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as he alleges civil rights violations. <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted). Thus, this Court must interpret plaintiff's pleadings as raising the strongest arguments they suggest. <u>Id.</u> Furthermore, "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." <u>Cruz v. Gomez</u>, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting <u>Gomez v. USAA Federal Sav. Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999)). Accordingly, the Court directed plaintiff to file an amended complaint since the complaint lacked sufficient information to determine whether plaintiff could claim an exception to the Federal Tort Claims Act ("FTCA") prohibition against filing claims "arising out of the loss, miscarriage or negligent transmission of letters or postal matters," 28 U.S.C. § 2680(b), and whether he had completed the applicable administrative process with the USPS.

2

B.  Sovereign Immunity - Federal Tort Claims Act

Under the FTCA, 28 U.S.C. § 1346(b), the United States relinquishes its sovereign immunity from suit only as specified. Under 28 U.S.C. § 2680(b), however, the United States does not waive its sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) ("postal matter exception"); see generally Dolan v. United States Postal Serv., 546 U.S. 481, ---, 126 S.Ct. 1252, 1256 (2006).

However, if the packages had been sent via registered mail, there may be a contract claim against the USPS. See Frank Mastoloni & Sons v. United States Postal Serv., 546 F.Supp. 415, 419 (S.D.N.Y. 1982); see also Postal Reorganization Act, 39 U.S.C. §§ 101 et seq. (contract claim against the USPS is not barred by sovereign immunity). In order for the USPS to be liable under a contract theory, a party seeking to recover for the loss of registered mail must exhaust all "administrative remedies available under the postal regulations before commencing [his] action [in district court]." Djordjevic v. United States Postal Serv., 911 F.Supp. 72, 75 (E.D.N.Y. 1995); see also Djordevic v. Postmaster Gen., 957 F. Supp. 31, 32 (E.D.N.Y. 1997); Frank Mastoloni & Sons, 546 F. Supp. at 419.

C.  The Amended Complaint

The Court liberally construes plaintiff's "Response to Memorandum and Order" as his amended complaint. However, plaintiff fails to provide the Court with any facts to show that the postal matter exception does not apply or that the packages were sent by registered mail. See Amended Compl. at 1-2. Therefore, the Court lacks subject matter jurisdiction to consider plaintiff's claim concerning the loss of the two packages pursuant to 28 U.S.C. § 2680(b). See Lam v. United States Postal Serv., No.06-CV-2729199, 2006 WL 2729199, at *3-4 (E.D.N.Y. Sept. 25, 2006);

3

Ezeoke v. United States Postal Serv., No. 03-CV-1462 (JG), 2003 WL 22170602, at *1 (E.D.N.Y. Aug. 29, 2003) (dismissing claim for lack of subject matter jurisdiction against USPS for loss of computer mailed to Texas); Stafford-Hull v. United States Postal Serv., No. 96-CV-4596 (SJ), 1997 WL 470886 (E.D.N.Y. June 26, 1997) (dismissing for lack of subject matter jurisdiction against USPS for failure to deliver package to Michigan); Fridman v. Postmaster General, No. 95-CV-4049 (CPS), 1996 WL 90543, at *1 (E.D.N.Y. Feb. 26, 1996) (dismissing claim for lack of subject matter jurisdiction for Postal Service's negligence in failing to forward mail); E.F. Hutton Group, Inc. v. United States Postal Serv., 723 F.Supp. 951, 957 (S.D.N.Y. 1989) (dismissing claim for lack of subject matter jurisdiction against Postal Service for loss of two shipments of gold coins).

Even if plaintiff had alleged that the packages were sent by registered mail, his claim that he has "tried everything in my power to resolve this matter," Amended Compl. at ¶ 2, is insufficient to show that he has completed the administrative process prescribed by the USPS for filing an indemnity claim for loss of registered mail or that he would have been able to allege a breach of contract claim.[1] See Lam v. United States Postal Serv., 2006 WL 2729199, at 4 (discussing breach of contract claim under postal service regulations as limited to senders, not addressees).

---

[1] The USPS has issued two manuals—one for domestic mail services, the other for international—which set forth the policies and regulations governing the services provided by the USPS and outlines the administrative procedures for a customer to recover for the loss of a package. See Domestic Mail Manual ("DMM"), incorporated by reference at 39 C.F.R. § 111.1; International Mail Manual ("IMM"), incorporated by reference at 39 C.F.R. § 20.1. Plaintiff does not allege whether the packages were sent from within the United States or from abroad. For loss of domestic registered mail, the DMM prescribes different procedures for indemnity claims depending on whether the mail is uninsured or insured. See DMM §§ 503.2.6, 609. For loss of international inbound registered mail, a claimant must first file an inquiry on PS Form 542 about the article with the USPS within six months from the day following the date of mailing. IMM §§ 924.1, 928.211, 928.241. Plaintiff does not allege that he has followed the administrative procedures outlined in either the DMM or IMM.

## CONCLUSION

Accordingly, the Court lacks subject matter jurisdiction over plaintiff's action pursuant to the postal matter exception under the FTCA, 28 U.S.C. § 2680(b). The action is, therefore, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

S/ N.G.
_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      June 29, 2007